IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JERRY C. SLICHENMYER,

                    Petitioner,

        v.                                CASE NO. 06-3354-SAC

ROGER WERHOLTZ, et al.,

                    Respondents.


O R D E R

    This matter is before the court on a petition for habeas corpus filed pursuant to 28 U.S.C. § 2254.  By an order entered on January 4, 2007, the court directed petitioner to submit the filing fee or a motion for leave to proceed in forma pauperis, to show cause why this matter should not be dismissed as untimely, or, alternatively to show that he was entitled to equitable tolling due to extraordinary circumstances.

    On January 17, petitioner filed a motion for leave to proceed in forma pauperis (Doc. 3).  The court grants the motion.

    On January 25, petitioner submitted a response concerning his failure to file this action within the one-year limitation period (Doc. 4).  He states that he was unable to timely file the petition[1] because, although he sought legal assistance, a prison legal services organization was unable to assist him in 2001 and 2002 and

---

[1]    As noted in the court's earlier order, the limitation period expired in February 2004.

he had no other resources.

As set out in the court's earlier order, the one year limitation period under 28 U.S.C. § 2244(d)(1) for filing a habeas corpus action may be subject to equitable tolling in extraordinary circumstances. <u>Miller v. Marr</u>, 141 F.3d 976, 978 (10th Cir.), <u>cert. denied</u>, 525 U.S. 891 (1998). Such tolling, however, "requires inmates to diligently pursue claims". <u>Miller</u>, 141 F.3d at 978.

Circumstances such as those described by the petitioner have not been held to warrant equitable tolling. <u>See</u>, <u>e.g.</u>, <u>Marsh v. Soares</u>, 223 F.3d 1217, 1220-21 (10th Cir. 2000)(delays caused by prison inmate law clerk and law library closures insufficient for equitable tolling); <u>Miller v. Marr</u>, 141 F.3d 976, 978 (10th Cir. 1998) ("It is not enough to say that the ... facility lacked all relevant statutes and case law or that the procedure to request specific materials was inadequate."). Accordingly, the court finds no basis to permit this action to proceed.

IT IS, THEREFORE, BY THE COURT ORDERED petitioner's motion for leave to proceed in forma pauperis (Doc. 3) is granted.

IT IS FURTHER ORDERED this matter is dismissed due to petitioner's failure to commence this action within the one-year limitation period.

A copy of this order shall be transmitted to the petitioner.

**IT IS SO ORDERED.**

DATED:  This 1st day of March, 2007, at Topeka, Kansas.


                              S/ Sam A. Crow
                              SAM A. CROW
                              U.S. Senior District Judge